CLOSED,PROB22OUT

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
### CRIMINAL DOCKET FOR CASE #: 2:23-cr-00115-MRH All Defendants

| | |
|---|---|
| Case title: USA v. BLACK | Date Filed: 06/07/2023 |
| Other court case number: 2:25-cr-54 Eastern District of Pennsylvania | Date Terminated: 01/17/2024 |

Assigned to: Chief Judge Mark R. Hornak

**Defendant (1)**

**ANDREW BLACK**
*TERMINATED: 01/17/2024*

represented by **Komron J. Maknoon**
Maknoon & Associates, LLC
438 Division Street
2nd Floor
Sewickley, PA 15143
412-201-1802
Email: kjm@maknoon-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Stephanie Allison Eshenbaugh**
Maknoon and Associates
Pennsylvania
438 Division Street
2nd Fl
Sewickley, PA 15143
412-201-1802
Email: s.shriver@maknoon-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

21 U.S.C. 846 ATTEMPT TO POSSESS WITH INTENT TO DISTRIBUTE A QUANTITY OF METHAMPHETAMINE (1)

**Disposition**

The Defendant is sentenced to a term of imprisonment of 9 months at Count 1 and 9 months at Count 2. The sentence at Count 1 shall run concurrent with the sentence at Count 2. Following the term of imprisonment, the Defendant shall be placed on a term of supervised release of 3 years at Count 1 and 3 years at Count 2. The term of supervision at Count 1 shall run concurrent

18 U.S.C. 1341 MAIL FRAUD (2)

with the term of supervision at Count 2. A mandatory special assessment of $200.00 is imposed. A fine is waived for inability to pay.

The Defendant is sentenced to a term of imprisonment of 9 months at Count 1 and 9 months at Count 2. The sentence at Count 1 shall run concurrent with the sentence at Count 2. Following the term of imprisonment, the Defendant shall be placed on a term of supervised release of 3 years at Count 1 and 3 years at Count 2. The term of supervision at Count 1 shall run concurrent with the term of supervision at Count 2. A mandatory special assessment of $200.00 is imposed. A fine is waived for inability to pay.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **William Guappone** |
|---|---|---|

DOJ-USAO
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
412-894-7365
Email: william.guappone2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Govt Atty*

**Stephen R. Kaufman (former AUSA)**
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

Fax: (412) 644-2645  
Email: usapaw.ecfcriminal@usdoj.gov  
ATTORNEY TO BE NOTICED  
*Designation: US Govt Atty*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2023 | [1](#) | INFORMATION as to ANDREW BLACK (1) count(s) 1, 2. (Attachments: # [1](#) Arraignment Plea, # [2](#) Criminal Case Info Sheet, # [3](#) Waiver of Indictment) (elt) (Entered: 06/08/2023) |
| 06/07/2023 | [2](#) | Information MEMORANDUM as to ANDREW BLACK (elt) (Entered: 06/08/2023) |
| 06/13/2023 | 4 | SCHEDULING ORDER as to ANDREW BLACK. A Waiver and Plea Hearing is hereby SCHEDULED for 7/13/23 at 11:15 AM in Courtroom 6A before Chief Judge Mark R. Hornak. Signed by Chief Judge Mark R. Hornak on 6/13/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (bdb) Modified text on 6/13/23 to identify hearing as a waiver and plea. (bdb) (Entered: 06/13/2023) |
| 06/13/2023 | | Attorney update in case as to ANDREW BLACK. Attorney Stephanie Allison Shriver for ANDREW BLACK added. (bdb) (Entered: 06/13/2023) |
| 07/12/2023 | 5 | NOTICE as to ANDREW BLACK. The Waiver and Plea Hearing set for 7/13/23 at 11:15 AM will be held in **Courtroom 8A**. Text-only entry; no PDF document will issue. This text-one entry constitutes the Order of the Court or Notice on the matter. (bdb) (Entered: 07/12/2023) |
| 07/13/2023 | [6](#) | NOTICE OF ATTORNEY APPEARANCE: Stephanie Allison Shriver appearing for ANDREW BLACK (Shriver, Stephanie) Refiled at [16](#) . Document hidden from public view. Modified text on 7/20/2023. (cww) (Entered: 07/13/2023) |
| 07/13/2023 | [7](#) | Minute Entry for proceedings held before Chief Judge Mark R. Hornak: Waiver & Plea Hearing as to ANDREW BLACK held on 7/13/23. (Court Reporter: Terri Benson) (Attachments: # [1](#) Exhibit) (bdb) (Entered: 07/13/2023) |
| 07/13/2023 | [8](#) | Sealed Plea Supplement as to ANDREW BLACK, filed in accordance with the Court's Standing Order at Miscellaneous No. 17-447. (bdb) (Entered: 07/13/2023) |
| 07/13/2023 | [9](#) | WAIVER OF INDICTMENT by ANDREW BLACK. (bdb) (Entered: 07/13/2023) |
| 07/13/2023 | [10](#) | GUILTY PLEA ENTERED on Counts 1 and 2 as to ANDREW BLACK. (bdb) (Entered: 07/13/2023) |
| 07/13/2023 | [11](#) | ORDER as to ANDREW BLACK. This order confirms the prosecutors' obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and subsequent cases, and notifies the prosecutors that violation of such obligations may result in serious consequences including but not limited to any or all of the following: sanctions, suppression or exclusion of testimony or other evidence, dismissal, a finding of contempt, and/or ethics violations. The Court further advises that such obligations exist as a matter of law, and are applicable according to law to this action, which may include but is not limited to proceedings before the undersigned in this action. See Due Process Protections Act, Pub. L. No. 116- 182, 134 Stat. 894 (Oct. 21, 2020) (amending Fed. R. Crim. Pro. 5). Signed by Chief Judge Mark R. Hornak on 7/13/23. (bdb) (Entered: 07/13/2023) |
| 07/13/2023 | [12](#) | Order of Referral to Probation for Presentence Investigation and Report as to ANDREW BLACK. Signed by Chief Judge Mark R. Hornak on 7/13/23. (bdb) (Entered: 07/13/2023) |

| | | |
|---|---|---|
| 07/13/2023 | 13 | ORDER OF COURT SCHEDULING SENTENCING HEARING as to ANDREW BLACK. A Sentencing Hearing for the Defendant is hereby SCHEDULED for 11/16/23 at 9:30 AM in Courtroom 6A before Chief Judge Mark R. Hornak. On or before 11/6/23, each party shall file a sentencing memorandum, motions for downward or upward departure, and a joint status report. Signed by Chief Judge Mark R. Hornak on 7/13/23. (bdb) (Entered: 07/13/2023) |
| 07/13/2023 | 14 | APPEARANCE BOND as to ANDREW BLACK. This is an unsecured bond in the amount of $20,000.00. Signed by Chief Judge Mark R. Hornak on 7/13/23. (bdb) (Entered: 07/13/2023) |
| 07/13/2023 | 15 | ORDER SETTING CONDITIONS OF RELEASE as to ANDREW BLACK. Signed by Chief Judge Mark R. Hornak on 7/13/23. (bdb) (Entered: 07/13/2023) |
| 07/17/2023 | 16 | Errata re 6 Notice of Attorney Appearance - Defendant, by ANDREW BLACK. Reason for correction: Wrong document filed.. (Shriver, Stephanie) (Entered: 07/17/2023) |
| 10/13/2023 | 20 | POSITION WITH RESPECT TO SENTENCING FACTORS by USA as to ANDREW BLACK. (Guappone, William) (Entered: 10/13/2023) |
| 10/16/2023 | 21 | NOTICE OF ATTORNEY APPEARANCE Stephen R. Kaufman appearing for USA. (Kaufman, Stephen) (Entered: 10/16/2023) |
| 10/17/2023 | 22 | MOTION for Leave to File Documents Under Seal by ANDREW BLACK. (Attachments: # 1 Proposed Order) (Maknoon, Komron) (Entered: 10/17/2023) |
| 10/18/2023 | 23 | ORDER GRANTING AS MODIFIED BY THE COURT 22 MOTION for Leave to File Documents Under Seal. **DO NOT electronically file the sealed version of the document until you electronically file the redacted version of the document, using the Redacted Document event, unless otherwise ordered by the Court. You are required to serve the sealed document on counsel using traditional service methods** as to ANDREW BLACK. **Decision to Unseal Document deferred**. Signed by Chief Judge Mark R. Hornak on 10/18/23. (bdb) (Entered: 10/18/2023) |
| 10/20/2023 | 24 | SEALED MOTION This document Sealed pursuant to 23 Order on Motion for Leave to File Documents Under Seal,, by ANDREW BLACK. (Attachments: # 1 Proposed Order, # 2 Exhibit A) (Shriver, Stephanie) (Entered: 10/20/2023) |
| 10/20/2023 | 25 | SEALED ORDER as to ANDREW BLACK re 24 SEALED MOTION This document Sealed pursuant to 23 Order on Motion for Leave to File Documents Under Seal. Signed by Chief Judge Mark R. Hornak on 10/20/23. (bdb) (Entered: 10/20/2023) |
| 10/24/2023 | 26 | POSITION WITH RESPECT TO SENTENCING FACTORS by ANDREW BLACK. (Shriver, Stephanie) (Entered: 10/24/2023) |
| 01/03/2024 | 28 | MOTION for Leave to File Documents Under Seal by ANDREW BLACK. (Attachments: # 1 Proposed Order) (Eshenbaugh, Stephanie) (Entered: 01/03/2024) |
| 01/04/2024 | 29 | ORDER GRANTING AS MODIFIED BY THE COURT 28 MOTION for Leave to File Documents Under Seal. **DO NOT electronically file the sealed version of the document until you electronically file the redacted version of the document, using the Redacted Document event, unless otherwise ordered by the Court. You are required to serve the sealed document on counsel using traditional service methods** as to ANDREW BLACK. **Decision to Unseal Document deferred**. Signed by Chief Judge Mark R. Hornak on 1/4/24. (bdb) (Entered: 01/04/2024) |
| 01/05/2024 | 30 | STATUS REPORT *JOINT* by USA as to ANDREW BLACK (Kaufman, Stephen) (Entered: 01/05/2024) |

| | | |
|---|---|---|
| 01/08/2024 | 31 | SENTENCING MEMORANDUM by USA as to ANDREW BLACK (Kaufman, Stephen) (Entered: 01/08/2024) |
| 01/08/2024 | 32 | REDACTION by ANDREW BLACK (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L) (Eshenbaugh, Stephanie) (Entered: 01/08/2024) |
| 01/08/2024 | 33 | Sealed Document as to ANDREW BLACK. This document Sealed pursuant to 29 Order on Motion for Leave to File Documents Under Seal. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L) (Eshenbaugh, Stephanie) (Entered: 01/08/2024) |
| 01/08/2024 | 34 | MOTION to Depart from Guidelines/Downward Variance by ANDREW BLACK. (Eshenbaugh, Stephanie) (Entered: 01/08/2024) |
| 01/12/2024 | 35 | ORDER Regarding Motion at 34 as to ANDREW BLACK. The Court defers ruling on this Motion until the sentencing hearing. The United States shall file any response to the Motion on or before January 16, 2024. Signed by Chief Judge Mark R. Hornak on 01/12/2024. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Hornak, Mark) (Entered: 01/12/2024) |
| 01/16/2024 | 36 | REDACTION by ANDREW BLACK (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Eshenbaugh, Stephanie) (Entered: 01/16/2024) |
| 01/16/2024 | 37 | Sealed Document as to ANDREW BLACK. This document Sealed pursuant to 29 Order on Motion for Leave to File Documents Under Seal,, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Eshenbaugh, Stephanie) (Entered: 01/16/2024) |
| 01/16/2024 | 38 | RESPONSE in Opposition by USA as to ANDREW BLACK re 34 MOTION to Depart from Guidelines/Downward Variance (Kaufman, Stephen) (Entered: 01/16/2024) |
| 01/16/2024 | 39 | REDACTION by ANDREW BLACK (Attachments: # 1 Exhibit A) (Maknoon, Komron) (Entered: 01/16/2024) |
| 01/16/2024 | 40 | Sealed Document as to ANDREW BLACK. This document Sealed pursuant to 29 Order on Motion for Leave to File Documents Under Seal,, (Attachments: # 1 Exhibit A) (Maknoon, Komron) (Entered: 01/16/2024) |
| 01/17/2024 | 41 | Tentative Findings as to ANDREW BLACK. The Court has received and considered the Presentence Report (PSR), the Addendum thereto and the sentencing papers of the parties, along with their plea agreement. Based on such consideration, the Court tentatively finds and concludes that it will adopt the findings and conclusions of the PSR, including as to the calculation of the Sentencing Guidelines, subject to the matters set out below, and that it will accept the plea agreement of the parties. The Defendant has moved for several sentencing departures, which if any of such are granted, would result in the recalculation of the Sentencing Guidelines. In the alternative, he seeks a sentencing variance based on the same factors. The Defendant seeks departures pursuant to U.S.S.G. 5H1.3, 5H1.4 and 5K2.0. Based on the Courts review of the record before the Court, the Court tentatively finds and concludes that subject to hearing further from the parties, it will not apply the departures, in that it tentatively finds and concludes that neither the facts advanced, nor the case itself, is sufficiently exceptional, nor are the relevant factors present to an unusual degree so as to distinguish this case, or the facts involved, nor is the case nor the facts involved sufficiently unusual so as to warrant a departure. The Court will nonetheless consider the matters advanced for a departure in the context of the Defendants request for a sentencing variance. Restitution is applicable in this case, but it appears that forfeiture is not. The Defendant is on bond and conditions of release, which are subject to revocation at |

| | | |
|---|---|---|
| | | the time of sentencing. The Court will hear further from all parties as to all sentencing matters at the time of sentencing. Signed by Chief Judge Mark R. Hornak on 01/17/2024. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Hornak, Mark) (Entered: 01/17/2024) |
| 01/17/2024 | 42 | Minute Entry for proceedings held before Chief Judge Mark R. Hornak: Sentencing held on 1/17/24 for ANDREW BLACK. (Court Reporter: Jane Proud) (bdb) (Entered: 01/17/2024) |
| 01/17/2024 | 43 | Sealed Sentencing Supplement as to ANDREW BLACK, filed in accordance with the Court's Standing Order at Miscellaneous No. 17-447. (bdb) (Entered: 01/17/2024) |
| 01/17/2024 | 44 | JUDGMENT as to ANDREW BLACK. The Defendant is sentenced to a term of imprisonment of 9 months at Count 1 and 9 months at Count 2. The sentence at Count 1 shall run concurrent with the sentence at Count 2. Following the term of imprisonment, the Defendant shall be placed on a term of supervised release of 3 years at Count 1 and 3 years at Count 2. The term of supervision at Count 1 shall run concurrent with the term of supervision at Count 2. A mandatory special assessment of $200.00 is imposed. A fine is waived for inability to pay. Signed by Chief Judge Mark R. Hornak on 1/17/24. (bdb) (Entered: 01/17/2024) |
| 01/17/2024 | | ***Terminated Case (bdb) (Entered: 01/17/2024) |
| 02/22/2024 | | NOTICE TO SELF-SURRENDER as to ANDREW BLACK by US Marshal. **PRETRIAL SERVICES IS TO NOTIFY ANDREW BLACK AS SOON AS POSSIBLE.** This notice is to advise ANDREW BLACK that you are to report to FORT DIX SATELLITE CAMP on 03/14/2024 before 2:00 PM for voluntary surrender commitment. Your USMS Number is 13731-510. Please go to Bureau of Prisons website at www.bop.gov or call the institution for directions and other information. If an extension has been granted beyond the surrender date by the Court, please contact the US Marshal's Office immediately with a copy of the Order of Court indicating a new date. If travel to the designated facility is needed, please petition the Court for other resources available. ANDREW BLACK is instructed to report directly to the designated institution. ANDREW BLACK is NOT to report directly to a USMS office unless otherwise instructed. Text-only entry. No PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Cattley, Kierah) (Entered: 02/22/2024) |
| 02/13/2025 | 45 | Probation Jurisdiction Transferred to Eastern District of Pennsylvania as to ANDREW BLACK. Transmitted Transfer of Jurisdiction form and certified copies of indictment, judgment and docket sheet. (kss) (Entered: 02/13/2025) |
| 02/13/2025 | | Notice FROM Pennsylvania Western TO Eastern District of Pennsylvania of a Transfer of Jurisdiction as to ANDREW BLACK. Your case number is: 2:25-cr-54. The PAWD probation office will transmit the bond and/or passport collected. The court will send a financial payment ledger to the transferee district. If you have questions about the financial ledger, please email intake2_pawd@pawd.uscourts.gov<br>Documents are available via PACER. *If you wish to designate a different email address for future transfers, send your request to the national list host at InterDistrictTransfer_TXND@txnd.uscourts.gov.* (kss) (Entered: 02/13/2025) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 2:23-cr-115 |
| v. | (21 U.S.C. § 846; 18 U.S.C. § 1341) |
| ANDREW BLACK | |

**INFORMATION**

**COUNT ONE**

The United States Attorney charges that:

On or about March 31, 2020, in the Western District of Pennsylvania, the defendant, ANDREW BLACK, did knowingly, intentionally, and unlawfully attempt to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

In violation of Title 21, United States Code, Section 846.

**COUNT TWO**

The United States Attorney further charges that:

THE SCHEME AND ARTIFICE

1. From in and around January 2018, and continuing thereafter to on or about March 31, 2020, in the Western District of Pennsylvania, and elsewhere, the defendant, ANDREW BLACK, devised and intended to devise a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises were false and fraudulent when made.

2. It was part of the scheme and artifice to defraud that the defendant, ANDREW BLACK, fraudulently obtained the personal identifying information of victims.

3. It was further part of the scheme and artifice to defraud that the defendant, ANDREW BLACK, used the fraudulently obtained personal identifying information to open bank accounts in his victims' names, frequently using his own residence address as the accountholder's address.

4. It was further part of the scheme and artifice to defraud that, with respect to certain victims, the defendant, ANDREW BLACK, fraudulently instructed the United States Postal Service that his victims had moved to his residence address, causing his victims' mail to be forwarded to his residence address, thereby ensuring his victims did not learn of the fraudulently opened accounts.

5. It was further part of the scheme and artifice to defraud that the defendant, ANDREW BLACK, received debit cards through the United States mail drawing on fraudulently opened bank accounts in his victims' names.

6. It was further part of the scheme and artifice to defraud that the defendant, ANDREW BLACK, attempted to deposit fraudulent checks in the bank accounts he opened in his victims' names, and fraudulently wrote checks drawing on the accounts in his victims' names.

## THE MAILING

7. In and around August 2018, in the Western District of Pennsylvania, the defendant, ANDREW BLACK, for the purposes of executing and attempting to execute the aforesaid scheme and artifice to defraud, and in attempting to do so, did cause to be placed in an authorized depository for United States mail, mail matter addressed to Victim 1, to be delivered by the United States Postal Service according to the directions thereon. That is, the defendant, ANDREW BLACK, caused to be mailed to Victim 1 at the defendant's residence address, a debit card in Victim 1's name.

In violation of Title 18, United States Code, Section 1341.

*(signature)*
TROY RIVETTI
Acting United States Attorney
Western District of Pennsylvania
PA ID No. 56816

*(signature)*
WILLIAM B. GUAPPONE
Assistant United States Attorney
Western District of Pennsylvania
NC ID No. 46075

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 2:23-cr-115 |
| ANDREW BLACK | ) | USM Number: 13731510 |
| | ) | KOMRON J. MAKNOON/STEPHANIE ESHENBUAGH |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 and 2

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. 846 | ATTEMPT TO POSSESS WITH INTENT TO DISTRIBUTE A QUANTITY OF METHAMPHETAMINE | 3/31/2020 | 1 |
| 18 U.S.C. 1341 | MAIL FRAUD | 3/31/2020 | 2 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/17/2024
Date of Imposition of Judgment

_[signature]_
Signature of Judge

MARK R. HORNAK, CHIEF UNITED STATES DISTRICT JUDGE
Name and Title of Judge

1/17/2024
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: ANDREW BLACK
CASE NUMBER: 23-115-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
NINE (9) MONTHS AT COUNT 1 AND NINE (9) MONTHS AT COUNT 2. THE SENTENCE AT COUNT 1 SHALL RUN CONCURRENT WITH THE SENTENCE AT COUNT 2.

☒ The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE INCARCERATED AS CLOSE AS POSSIBLE TO LANCASTER, PENNSYLVANIA TO FACILITATE FAMILY CONNECTIONS. THAT THE DEFENDANT BE ENROLLED IN ANY AND ALL SUBSTANCE ABUSE AND TREATMENT PROGRAMS, AND SPECIFICALLY SAID PROGRAMS FOR METHODONE TREATMENT, THAT ARE AVAILABLE AND FOR WHICH HE QUALIFIES. THE METHODONE TREATMENT SHALL TAKE PRECEDENCE.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for the Eastern District of Pennsylvania:

    ☒ at __2:00__ ☐ a.m. ☒ p.m. *MARCH 14, 2024.
    ☐ as notified by the United States Marshal.

*(UNLESS THE DEFENDANT RECEIVES OTHER INSTRUCTIONS FROM THE BOP ON WHEN AND WHERE TO REPORT. BUT NO SUCH DATE SHALL BE EARLIER THAN MARCH 14, 2024.)

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: ANDREW BLACK
CASE NUMBER: 23-115-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
THREE (3) YEARS AT COUNT 1 AND THREE (3) YEARS AT COUNT 2. THE TERM OF SUPERVISED RELEASE AT COUNT 1 SHALL RUN CONCURRENT WITH THE TERM OF SUPERVISED RELEASE AT COUNT 2.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | | Judgment—Page 4 of 6 |
|---|---|---|
| DEFENDANT: | ANDREW BLACK | |
| CASE NUMBER: | 23-115-1 | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3D — Supervised Release

---

DEFENDANT: ANDREW BLACK
CASE NUMBER: 23-115-1

Judgment—Page 5 of 6

## SPECIAL CONDITIONS OF SUPERVISION

14) THE DEFENDANT SHALL NOT ILLEGALLY POSSESS A CONTROLLED SUBSTANCE.

15) THE DEFENDANT SHALL NOT POSSESS A FIREARM, AMMUNITION, DESTRUCTIVE DEVICE, OR ANY OTHER DANGEROUS WEAPON.

16) THE DEFENDANT SHALL PARTICIPATE IN A PROGRAM OF TESTING AND, IF NECESSARY, TREATMENT FOR SUBSTANCE ABUSE, SAID PROGRAM TO BE APPROVED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE COURT. FURTHER, THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR ANY SUCH TREATMENT IN AN AMOUNT DETERMINED BY THE PROBATION OFFICER BUT NOT TO EXCEED THE ACTUAL COST. THE DEFENDANT SHALL SUBMIT TO ONE DRUG URINALYSIS WITHIN 15 DAYS AFTER BEING PLACED ON SUPERVISION AND AT LEAST TWO PERIODIC TESTS THEREAFTER.

17) IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL NOT INTENTIONALLY PURCHASE, POSSESS AND/OR USE ANY SUBSTANCE(S) DESIGNED TO SIMULATE OR ALTER IN ANY WAY THE DEFENDANT'S OWN URINE SPECIMEN. IN ADDITION, THE DEFENDANT SHALL NOT PURCHASE, POSSESS AND/OR USE ANY DEVICE(S) DESIGNED TO BE USED FOR THE SUBMISSION OF A THIRD-PARTY URINE SPECIMEN.

18) THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH ASSESSMENT AND/OR TREATMENT PROGRAM APPROVED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE COURT. THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES IN AN AMOUNT DETERMINED BY THE PROBATION OFFICE. THESE COSTS SHALL NOT EXCEED THE ACTUAL COST OF THE SERVICE. THE PROBATION OFFICE IS AUTHORIZED TO RELEASE THE DEFENDANT'S PRESENTENCE REPORT TO THE TREATMENT PROVIDER IF SO REQUESTED.

19) THE DEFENDANT SHALL SUBMIT HIS PERSON, PROPERTY, HOUSE, RESIDENCE, VEHICLE, PAPERS, BUSINESS OR PLACE OF EMPLOYMENT, TO A SEARCH, CONDUCTED BY A UNITED STATES PROBATION OR PRETRIAL SERVICES OFFICER AT A REASONABLE TIME AND IN A REASONABLE MANNER, BASED UPON REASONABLE SUSPICION OF CONTRABAND OR EVIDENCE OF A VIOLATION OF A CONDITION OF SUPERVISION. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION. THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES PURSUANT TO THIS CONDITION.

20) THE DEFENDANT SHALL COOPERATE IN THE COLLECTION OF DNA AS DIRECTED BY THE PROBATION OFFICER, PURSUANT TO 28 C.F.R. § 28.12, THE DNA FINGERPRINT ACT OF 2005, AND THE ADAM WALSH CHILD PROTECTION AND SAFETY ACT OF 2006.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
　　　　　　　　　　　 Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  6

DEFENDANT:         ANDREW BLACK
CASE NUMBER:       23-115-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|--------|----------------|-----------------|----------|----------------------|------------------------|
| TOTALS | $ 200.00       | $ 0.00          | $ 0.00   | $ 0.00               | $ 0.00                 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|--------------------------|-----------------------------|
|                   |                 |                          |                             |

TOTALS       $ _____       $ _____

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐  the interest requirement is waived for     ☐  fine    ☐  restitution.

　　☐  the interest requirement for     ☐  fine    ☐  restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

JFM

| PROB 22 (Rev. 04/17) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 2:23CR00115-1 MRH |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* **25-54** |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Andrew Black | DISTRICT Western District of Pennsylvania | DIVISION Pittsburgh, Pa |
|---|---|---|
| | NAME OF SENTENCING JUDGE The Honorable Mark R. Hornak Chief United States District Judge | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 10/07/2024 — TO 10/06/2027 |

**OFFENSE**

21 U.S.C. 846 Attempt to Possess with Intent to Distribute a Quantity of Methamphetamine
18 U.S.C. 1341 Mail Fraud

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision)

Mr; Black is being supervised in the Eastern District of Pennsylvania and intends to remain in that district.

**PART 1 – ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "Western District of Pennsylvania"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Eastern District of Pennsylvania upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

2/11/2025
Date

*[signature]*
Chief United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

2/13/2025
Effective Date

*[signature] Jn. F. Murphy*
United States District Judge